UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **PETTY BUSINESS ENTERPRISES, L.P.,** | § | |
| **ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. SA-14-CV-834-XR** |
| **v.** | § | |
| | § | |
| **CHESAPEAKE EXPLORATION, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## SECOND AMENDED COMPLAINT

PGE Mineral Properties, Ltd., predecessor in interest to Plaintiff Petty Business Enterprises, L.P. ("PBE"), entered into two oil-and-gas leases covering property in Webb County, Texas, and assigned certain rights under the leases to Plaintiff Petty Energy, L.P. ("Petty Energy"). With PBE, Plaintiffs Scott James Petty, individually and as Trustee for the Susan Petty Arnim 2009 Trust, Todd Brockwell, as Trustee of the Scott James Petty 2009 Trust, the Joan L. Petty 2009 Trust, and the Petty 2007 Grandchildren's Trust, Susan Petty Arnim, Joan L. Petty, Dabney Noel Petty, Mary Huff, Rodney Huff, Reagan Tucker, Richard R. Fuhrmann, Charles Fuhrmann, III, Laney C. Fuhrmann, individually and as executrix of the estate of Carl Fuhrmann, Jr., Debra G. Newmann Petty, Frost Bank, as Trustee of the Dabney Noel Petty Trust, and Maxine Petty, as Trustee of the Van A. Petty Marital Trust (collectively "Royalty Owners") own mineral and/or royalty interests covered by such leases. Defendant Chesapeake Exploration, L.L.C. ("Chesapeake") is failing to comply with the requirements of the leases. PBE, Petty Energy, and the Royalty Owners under the leases file this suit to recover damages they have suffered and continue to suffer as a result of Chesapeake's breaches of Chesapeake's contractual obligations under the respective leases.

498855.1

## A.     Parties

1.      Plaintiff Petty Business Enterprises, L.P. is a Texas limited partnership with its principal place of business at 1027 Austin Highway, Suite 200, San Antonio, Texas 78209.  PBE acts through its general partner PBE Management, LLC.

2.      Plaintiff Petty Energy, L.P. is a Texas limited partnership with its principal place of business at 1027 Austin Highway, Suite 200, San Antonio, Texas 78209.  Petty Energy acts through its general partner Strike Resources LLC.

3.      Plaintiff Scott James Petty, acting individually and as trustee of the Susan Petty Arnim Trust, is a resident of Medina County, Texas.

4.      Plaintiff Todd Brockwell, acting as trustee of the Scott James Petty 2009 Trust, the Joan L. Petty 2009 Trust, and the Petty 2007 Grandchildren's Trust, is a resident of Bexar County, Texas.

5.      Plaintiff Susan Petty Arnim is a resident of Bexar County, Texas.

6.      Plaintiff Joan L. Petty is a resident of Bexar County, Texas.

7.      Plaintiff Dabney Noel Petty is a resident of Bexar County, Texas.

8.      Plaintiff Mary Huff is a resident of Bexar County, Texas.

9.      Plaintiff Rodney Huff is a resident of Bexar County, Texas.

10.      Plaintiff Reagan Tucker is a resident of Bexar County, Texas.

11.      Plaintiff Richard R. Fuhrmann is a resident of Martinez, Georgia.

12.      Plaintiff Charles Fuhrmann, III is a resident of Bexar County, Texas.

13.      Plaintiff Laney C. Fuhrmann, individually and as executrix of the estate of Carl Fuhrmann, Jr., is a resident of Bexar County, Texas.

14.      Plaintiff Debra G. Newmann Petty is a resident of Bexar County, Texas.

15.      Plaintiff  Frost  Bank,  acting  as  trustee  of  the  Dabney  Noel  Petty  Trust,  is

headquartered in Bexar County, Texas.

16.     Plaintiff Maxine Petty, acting as trustee of the Van A. Petty Marital Trust, is a resident of Kendall County, Texas.

17.     Defendant Chesapeake Exploration, L.L.C. is an Oklahoma limited liability company that can be served through its registered agent for service of process, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

   **B.     PBE, Petty Energy, and the Royalty Owners' Claims for Breach of Contract**

18.     On October 1, 2009, PBE entered into two oil-and-gas leases with Chesapeake.[1] The leases cover more than 25,000 acres of the Dos Hermanos Ranch in Webb County, Texas. The Royalty Owners own mineral rights covered by the two leases.  The leases provide PBE the right to acquire, on a well-by-well basis, up to a 10% working interests in each well Chesapeake drills on the leases, including a "carried to the tanks" benefit for ten (10) wells that Chesapeake drilled on each lease.  PBE assigned the right to obtain working interests, including the "carried to the tanks" benefit, to Petty Energy.  The leases require that Chesapeake account for the revenue attributable to Petty Energy's working interests in the same way that it accounts for royalties owed to the Royalty Owners.

19.     To date, Chesapeake has drilled forty-five wells on the two leases, and Petty Energy has exercised its right to participate in each of those wells.

20.     When exercising a right to participate, Petty Energy had the right to designate ten (10) wells per lease as "carried to the tanks" wells.  When Petty Energy designates wells as "carried to the tank," it is not required to "pay any portion of the cost of drilling, completing, testing, fracturing, stimulating, or equipping" such wells for production.  Petty Energy has exercised its rights under the leases and designated ten (10) wells as "carried to the tanks" wells.

---

[1] Lessor PGE Mineral Properties, Ltd. changed its name to Petty Business Enterprises, LP in December 2011.

21.     On August 31, 2012, W.A. Waterman & Co. issued an audit report based on its examination of the accounts and records maintained by Chesapeake for ten (10) "carried to the tank" wells on the Dos Hermanos Ranch for the period from January 2010 through April 2012. The audit revealed nearly $2,000,000 in improper charges that resulted in approximately $200,000 wrongly billed to Petty Energy.  Petty Energy alerted Chesapeake to the improper charges, but despite repeated communications, Chesapeake has—in breach of its lease obligations—largely refused to issue credits or refund the charges.  Petty Energy has also identified at least another $3,500,000 in improper charges since the audit that resulted in approximately $350,000 in additional overcharges to Petty Energy.

22.     On August 2, 2013, W.A. Waterman & Co. issued another audit report that identified numerous problems with Chesapeake's revenue and royalty payments for the period from February 2010 through December 2011.  In particular, Chesapeake has breached the leases' Free Royalty clauses, which provide that royalties under the leases "shall be without any deduction whatsoever, either directly or indirectly."  Chesapeake's calculations of revenue and royalties are improper and constitute breaches of the leases in multiple ways, including:

a.     Chesapeake improperly calculated royalties on Natural Gas Liquids (NGL) based on proceeds that are net of deductions;

b.     Chesapeake failed to pay royalties on 100% of NGL volumes;

c.     Chesapeake failed to pay royalties based on the highest residue gas price before deductions;

d.     Chesapeake failed to identify and reimburse cost deductions incurred under its contract with Regency Field Services;

e.     Chesapeake failed to reimburse gathering fuel deducted by Regency Field Services;

f.     Chesapeake failed to include an NGL component in its reimbursement of fuel volumes;

      g.      Chesapeake failed to pay for all gas produced;

      h.      Chesapeake failed to pay for flash gas compressor fuel;

      i.      Chesapeake failed to pay for metered flared gas;

      j.      Chesapeake failed to pay for unmetered gas;

      k.      Chesapeake failed to pay royalties for oil and compressor drip oil sales at the highest price for each well and on leased premises;

      l.      Chesapeake failed to pay royalties based on the prices paid within 50 miles of the leases;

      m.      Chesapeake failed to deduct severance taxes in proportion to the actual amount paid;

      n.      Chesapeake failed to pay royalties on benefits derived from hedging and other activities.

23.     Because Chesapeake failed to pay the proper royalties, it owes interest on the unpaid royalties as provided by the leases and § 91.404 of the Texas Natural Resources Code.

24.     Although PBE, Petty Energy, and the Royalty Owners have been unable to calculate the full amount they are owed from the first audit period, they have identified $3.5 million owed by Chesapeake for that period. Chesapeake has now admitted that it owed approximately $1.5 million of that amount. Revenue audits for 2012 and beyond are underway, and those audits are expected to show that Chesapeake has continued to underpay royalties from 2012 to the present in some of the same ways identified by the August 2013 W.A. Waterman & Co. audit.

25.     Chesapeake's breaches of the leases by failing to pay amounts owed in full have damaged and continue to damage PBE, Petty Energy, and the Royalty Owners. Chesapeake's breaches of the leases by charging Petty Energy for costs it does not bear under the leases have damaged and continue to damage Petty Energy. PBE, Petty Energy, and the Royalty Owners seek recovery of all damages suffered as a result of these breaches.

26.     Also, Chesapeake is required under the leases to submit information and data to PBE on a monthly basis so that PBE can effectively reconcile all liquid hydrocarbons produced on the leases, including but not limited to, run tickets and any other such verification as required by PBE to assure PBE of the quantity of liquid hydrocarbons being produced monthly from the leases and the disposition of such liquid hydrocarbons.  PBE seeks preliminary and permanent injunctive relief mandating that Chesapeake provide such materials on a monthly basis in a timely manner.

### C.     Attorney's and Experts Fees

27.     Pursuant to section 26 of the leases, PBE, Petty Energy, and the Royalty Owners are entitled to recover their "reasonable attorney fees, accountant's fees, engineer's fees, consultant's fees and/or expert's fees."  In addition, PBE, Petty Energy, and the Royalty Owners request an award of attorneys' fees under Texas Civil Practice & Remedies Code § 38.001 and any other available legal, equitable, or statutory grounds.

### D.     Conditions Precedent

28.     All conditions precedent to recovery by PBE, Petty Energy, and the Royalty Owners have been performed or have occurred.

### E.     Jury Demand

29.     Plaintiffs hereby demand a jury trial.

### F.     Prayer for Relief

PBE, Petty Energy, and the Royalty Owners request that the Court award a judgment against Chesapeake for the following:

a.   Actual damages;

b.   Preliminary and permanent injunctive relief as described above;

c.   Prejudgment and postjudgment interest;

    d.   Costs;

    e.   Attorney fees, accountant's fees, engineer's fees, consultant's fees and/or expert's fees; and

    f.   All other relief to which PBE, Petty Energy, and the Royalty Owners are entitled.

Respectfully submitted

SMYSER KAPLAN & VESELKA, L.L.P.

By:   */s/ Land Murphy*
      Larry R. Veselka
      State Bar No. 20555400
      Garland "Land" Murphy
      State Bar No. 24058010
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 – FAX

PERSON, WHITWORTH, BORCHERS & MORALES, L.L.P.
      George J. Person
      State Bar No. 15813000
7744 Broadway, Suite 204
San Antonio, Texas 78209

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby that that on February 4, 2015, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system and served via electronic service on the following:

Christopher D. Sileo
D. Davin McGinnis
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, 15th Floor
Austin, Texas  78701-2589

      */s/ Land Murphy*
      Land Murphy