UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETTY BUSINESS ENTERPRISES, L.P., PETTY ENERGY, L.P., SCOTT JAMES PETTY, individually and as TRUSTEE OF THE SUSAN PETTY ARNIM 2009 TRUST, TODD BROCKWELL, as TRUSTEE OF THE SCOTT JAMES PETTY 2009 TRUST, THE JOAN L. PETTY 2009 TRUST, and THE PETTY 2007 GRANDCHILDREN'S TRUST, SUSAN PETTY ARNIM, JOAN L. PETTY, DABNEY NOEL PETTY, MARY HUFF, RODNEY HUFF, REAGAN TUCKER, RICHARD R. FUHRMANN, CHARLES FUHRMANN, III, LANEY C. FUHRMANN, individually and as EXECUTRIX OF THE ESTATE OF CARL FUHRMANN, JR., DEBRA G. NEWMANN PETTY, FROST BANK as TRUSTEE OF THE DABNEY NOEL PETTY TRUST, and MAXINE PETTY, as TRUSTEE OF THE VAN A. PETTY MARITAL TRUST, | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO: 5:14-CV-00834-XR |
| Plaintiffs, | § § | |
| v. | § § | |
| CHESAPEAKE EXPLORATION, LLC | § § | |
| Defendant | § § | |

## DEFENDANT CHESAPEAKE EXPLORATION, L.L.C.'S FIRST AMENDED ANSWER

TO THE HONORABLE XAVIER RODRIGUEZ:

Defendant Chesapeake Exploration, L.L.C. ("Chesapeake") files this First Amended Answer to Plaintiffs' Second Amended Complaint (the "Complaint") and shows the Court as follows:

# I.  RESPONSE TO FACTUAL ALLEGATIONS IN COMPLAINT

1.  Regarding the allegations in the opening paragraph of the Complaint, Chesapeake admits that PGE Mineral Properties, Ltd., now known as Petty Business Enterprises, L.P., entered into two oil and gas leases covering property in Webb County, Texas, and assigned certain rights under those leases to Petty Energy, L.P. ("Petty Energy").  Chesapeake admits that the individuals and entities identified in the opening paragraph of the Complaint own mineral and/or royalty interests covered by the leases.  Chesapeake denies that it is failing to comply with the leases.  Chesapeake denies that it has breached the leases.  Chesapeake denies that Plaintiffs have suffered damages or that any alleged breach by Chesapeake caused Plaintiffs to suffer damages.

2.  Chesapeake admits the allegations in Paragraphs 1–17 of the Complaint.

3.  For Paragraph 18, Chesapeake admits that it entered into two oil and gas leases, both dated October 1, 2009, with PGE Mineral Properties, Ltd., and that PGE Mineral Properties, Ltd. later changed its name to Petty Business Enterprises, LP ("PBE").  Chesapeake admits that the leases cover acreage in Webb County, Texas.  Chesapeake denies that the leases cover more than 25,000 acres because the leases actually cover 24,872.5 acres.  Chesapeake admits that the Royalty Owners, as defined in the Complaint, own mineral rights covered by the leases.  As to PBE's rights under the leases to acquire up to a 10% working interest in each well and the specifics involved with that option, the leases speak for themselves, and all allegations inconsistent therewith are denied.  Chesapeake admits that PBE assigned the right to obtain working interests under the leases to Petty Energy.  As to the requirement that Chesapeake account for revenue in the same manner as royalties, the leases speak for themselves and all allegations inconsistent therewith are denied.

2

4. Chesapeake denies the allegation in Paragraph 19. Chesapeake has now drilled (and Petty Energy has participated in) 50 wells on the two leases.

5. For Paragraph 20, Chesapeake admits that Petty Energy had the option to designate ten wells on each lease as "carried to the tanks" wells and that Petty Energy has designated a total of ten wells as "carried to the tanks" wells. As to the costs Petty Energy is required to pay on such wells, the leases speak for themselves, and all allegations inconsistent therewith are denied.

6. For Paragraph 21, Chesapeake admits that W.A. Waterman & Co. issued an audit report concerning ten "carried to the tanks" wells on the Dos Hermanos Ranch for the period from January 2010 through April 2012. Chesapeake denies all other allegations in Paragraph 21.

7. For Paragraph 22, Chesapeake admits that W.A. Waterman & Co. issued an audit report concerning revenue and royalty payments for the period from February 2010 through December 2011. Chesapeake denies all other allegations in Paragraph 22 and subparagraphs 22(a)–(n).

8. Chesapeake denies the allegations in Paragraph 23.

9. For Paragraph 24, Chesapeake admits that it agreed to pay a portion of the amounts identified in the W.A. Waterman & Co. audit. Chesapeake denies all other allegations in Paragraph 24.

10. Chesapeake denies the allegations contained in Paragraph 25.

11. As to the requirement that Chesapeake submit information to Plaintiffs as alleged in Paragraph 26, the leases speak for themselves, and all allegations inconsistent therewith are denied. Chesapeake denies that it has breached the lease as alleged in Paragraph 26 and denies that Plaintiffs are entitled to injunctive relief.

1185059

12.     For Paragraph 27, Chesapeake denies that Plaintiffs are entitled to recover "reasonable attorney fees, accountant's fees, engineer's fees, consultant's fees and/or expert's fees" in this case. Chesapeake further denies that Plaintiffs are entitled to recover attorneys' fees under any of the sources of law identified in Paragraph 27. As to the relief available under section 26 of the leases, the leases speak for themselves, and all allegations inconsistent therewith are denied.

13.     Chesapeake is without information and knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 28, and, therefore, denies same.

14.     Chesapeake admits that Plaintiffs have demanded a jury trial.

15.     Plaintiffs' Prayer for Relief does not contain any allegations that require a response. To the extent a response is required, Chesapeake denies that Plaintiffs are entitled to any of the relief requested in their Prayer.

16.     Any allegations of the Complaint that are not specifically admitted or denied herein are denied.

## II.     AFFIRMATIVE AND SPECIFIC DEFENSES

17.     Chesapeake expressly incorporates all paragraphs of this Answer as if fully restated herein. Chesapeake reserves the right to plead with greater particularity and to delete, add, or amend its defenses as the case progresses. Chesapeake's assertion of any defense is not an admission or concession that Chesapeake bears the burden of proof on any asserted defense. The burden of proof on any defense shall be determined by applicable law.

18.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of offset, credit, and/or recoupment.

4

WHEREFORE, PREMISES CONSIDERED, Chesapeake prays that after dispositive motion or a trial on the merits, this Court enter a judgment that Plaintiffs take nothing, award Chesapeake its costs of court, award Chesapeake reasonable attorneys' fees to the extent recoverable under law, and award Chesapeake such other and further relief to which it may be justly entitled.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.


By: /s/   Christopher D. Sileo
       Christopher D. Sileo
       State Bar No. 24027977
       csileo@scottdoug.com
       D. Davin McGinnis
       State Bar No. 24026831
       dmcginnis@scottdoug.com
       Anthony Arguijo
       State Bar No. 24079781
       aarguijo@scottdoug.com
       303 Colorado Street, Suite 2400
       Austin, Texas 78701
       (512) 495-6300
       (512) 495-6399 Fax

ATTORNEYS FOR DEFENDANT
CHESAPEAKE EXPLORATION, L.L.C.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on Plaintiffs' counsel as indicated below <u>VIA CM/ECF ELECTRONIC SERVICE</u> on the 25th day of February 2015:

Larry R. Veselka
Garland "Land" Murphy
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002

George J. Person
PERSON, WHITWORTH, BORCHERS & MORALES, L.L.P.
7744 Broadway, Suite 204
San Antonio, Texas 78209

/s/  Christopher D. Sileo<br>
Christopher D. Sileo

1185059